UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLEKSIY ANATOLIEVITCH REVA,

                       Plaintiff,

v.                                          **DECISION AND ORDER**
                                                                    15-CV-124S

YMER (family name unknown) and BRANDI
LOHR (Immigration Counsel),

                       Defendants.

## I. INTRODUCTION

Plaintiff, Oleksiy Anatolievitch Reva, brings this action against "Immigration Officer Ymer of the Newark Asylum Office of the Department of Homeland Security"[1] and Immigration Counsel Brandi Lohr, claiming that they violated his Fifth Amendment right to due process by suppressing favorable evidence during immigration proceedings, and seeking compensation under the Unjust Conviction and Imprisonment Act, 28 U.S.C. § 2573.  Defendant Lohr moves to dismiss the claims against her under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).  For the reasons discussed below, Lohr's motion is granted, this Court dismisses the claim against Officer Ymer as time-barred, and the Amended Complaint is dismissed in its entirety.

## II. BACKGROUND

For purposes of this decision, the allegations of the Amended Complaint can be summarized as follows:  Reva is a native and citizen of Ukraine who initially submitted an asylum application to United States Citizenship and Immigration Services ("USCIS") on December 17, 2011.  (Am. Compl. at pp. 2-11.)  In Reva's Form I-589 asylum

---

[1] Defendant Officer Ymer (family name unknown) has not yet been served.

1

application, Reva responded to the question of whether he was afraid he would be subjected to torture in Ukraine as follows:

> I could become the subject to reprisal torture from the police or the security service of Ukraine because I factually remained in "Batkivshchyna". After their warning of 6/2/10, I was promised to be handed over to the hostile paramilitary formation that would have my limbs cut off by the chainsaw. . . .

(Am. Compl., Exh. at p. 360.)[2] On February 6, 2012, Reva appeared for an asylum interview in Newark, New Jersey with Defendant Officer Ymer. (Am. Compl. at pp. 3-4.) Reva alleges that, during that interview, Officer Ymer "omitted the crucial statement" regarding the threat of being handed over to the paramilitary. (Id. at p. 4.) On April 23, 2012, the Newark Asylum Office issued a Final Denial of Request for Asylum, on the grounds that Reva's testimony was not credible:

> Your rebuttal did not present any plausible new explanations to overcome any of the several credibility issues raised about your testimony in the earlier Notice of Intent to Deny letter. You did not address your continued failure to demonstrate that you were actively engaged in opposition politics in Ukraine since 2010. You did not take advantage of this second opportunity to demonstrate that your ScanDisk contained any evidence to establish that you were actively engaged in opposition politics in Ukraine since 2010. Your rebuttal also failed to convincingly establish how you were able to effortlessly depart from Ukraine despite being actively engaged in opposition politics.

(Am. Compl., Exh. at p. 452.) Reva alleges that this denial was a result of Officer Ymer's omission of the threat. (Am. Compl. at p. 4.)

On June 29, 2012, Reva appeared at the Buffalo Field Office of the Department of Homeland Security and acknowledged that he was illegally present in the United States; after speaking to the staff he was released on his own recognizance. (Am. Compl., Exh. at p. 72.) On August 31, 2012, he was taken into Immigration and

---

[2] Page numbers of exhibits to the Amended Complaint refer to Bates stamps.

2

Customs Enforcement ("ICE") custody at the Buffalo Federal Detention Center after he was evicted from refugee housing, following an incident with another resident. (Id. at p. 74.) On September 17, 2012, Reva was ordered released on a $15,000 bond. (Id. at p. 129.)

On December 7, 2012, Reva appeared *pro se* for a hearing in connection with removal proceedings before Immigration Judge Steven Connelly. (Id. at p. 129.) At the removal hearing, the Government was represented by Defendant Brandi Lohr, Immigration Counsel. (Am. Compl. at p. 4.) Plaintiff alleges that, at the hearing, Lohr "omitted again the crucial statement" regarding the threat, that Reva's "oral statement was ignored" by the Immigration Judge, and, "[a]s a result, [Reva] remained in detention until his case was positively resolved by the [Board of Immigration Appeals ("BIA")]." (Id.) Immigration Judge Connelly denied Reva's requests for asylum and withholding of removal, and ordered him removed to Ukraine. (Am. Compl., Exh. at p. 112.)

Reva appealed from Immigration Judge Connelly's decision. The BIA initially dismissed his appeal on April 2, 2013. (Id. at pp. 12-14.) In that decision, the BIA disagreed with Reva's argument that the Immigration Judge had failed to consider crucial facts. (See id. at p. 13.) The threat involving the chainsaw was not expressly mentioned, and the BIA ultimately found that Reva had not met his burden of showing past persecution or a well-founded fear of persecution on account of a protected ground, as required for asylum. (Id.) However, following an application by Reva to reconsider and reopen the action, the BIA reversed and remanded the initial decision. (Id. at pp. 17-19.) Plaintiff's motion to reconsider was based, in part, on changed conditions in his native Ukraine. (Id.) In the remand order dated June 26, 2014, the BIA

3

wrote:

> It was previously determined that the respondent did not meet his burden to establish eligibility for asylum. In concluding that the respondent failed to establish mistreatment in Ukraine that rose to the level of "persecution," it appears that a number of the details in the respondent's testimony were omitted or misinterpreted.

(Id. at p 17.) The BIA noted a number of examples from the transcript of Reva's testimony that had not been fully considered, including his testimony that "[h]e was threatened with having the militia cut off his arms with a chainsaw." (Id. at pp. 17-18.) After a hearing on August 28, 2014, Immigration Judge Connelly granted Reva's application for asylum. (Id. at p. 20.)

Reva contends that, but for the alleged omissions by Defendants, he would have been granted asylum in 2012, avoided detention, and attended graduate school. (Am. Compl. at pp. 7-8.) He seeks damages in the amount of $90,913.00 and a declaratory judgment "acknowledging the violation of the Plaintiff's constitutional rights by the Defendants." (Am. Compl. at p. 5.)

### III. DISCUSSION

**A.    Violation of Fifth Amendment Right to Due Process**

Defendant Lohr moves to dismiss Reva's Fifth Amendment cause of action for failure to state a claim under Federal Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corporation v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id.  The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

In the case of a *pro se* litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citations and internal quotation marks omitted).  This guidance applies with particular force when a plaintiff's civil rights are at issue. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); see also Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999).  To survive a Rule 12(b)(6) motion to dismiss, however, a *pro se* plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

In Bivens,[3] 403 U.S. 388, the Supreme Court recognized a private cause of action to sue federal officials, in their individual capacities, for violations of certain constitutionally protected rights. See M.E.S., Inc. v. Snell, 712 F.3d 666, 671 (2d Cir. 2013) (stating that in Bivens, the "Supreme Court recognized as implicit in certain constitutionally protected rights a federal claim for money damages against federal officials, sued in their individual capacities, for violations of those rights"); accord Arar v. Ashcroft, 585 F.3d 559, 571 (2d Cir. 2009) (en banc).  A Bivens claim provides "a

---

[3] Reva originally filed this action seeking compensation for violations of 42 U.S.C. § 1983.  However, because that statute applies only to state officials, and Defendants here are federal officials, this Court allowed Reva to amend his complaint to reflect that his claims are made pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Although Reva failed to make this change in his Amended Complaint (see Docket No. 5, asserting claims pursuant to § 1983), this Court nevertheless construes Reva's claims under Bivens.

judicially-created remedy stemming directly from the Constitution itself." Arar v. Ashcroft, 585 F.3d at 571 (citing Bivens, 403 U.S. at 397, 91 S. Ct. 1999).

Even reading the Amended Complaint and its exhibits leniently and construing them to raise "the strongest arguments that they suggest," see McPherson, 174 F.3d at 280, the facts as pled against Lohr fail to state a plausible claim for violation of due process. Reva's sole allegation against Lohr is that she failed to present certain facts during Reva's removal hearing that would have been helpful to Reva's case, and that Lohr's omission resulted in Reva's continued detention. Specifically, Reva alleges that Lohr did not present the "crucial statement" from his asylum application that he was threatened with being handed over to the paramilitary and having his arms cut off with a chainsaw. (Am. Compl. at p. 4.) However, the record demonstrates that this evidence was indeed presented at the removal hearing, through Reva's testimony. (See Am. Compl., Exh. at pp. 17-18 (decision of the BIA dated June 26, 2014, remanding Reva's case to the Immigration Judge based in part on Reva's testimony that: "He was threatened with having the militia cut off his arms with a chainsaw (Tr. at 73).") Without taking any position as to whether Immigration Counsel (who represents the Government in immigration hearings) owes a duty to ensure all facts helpful to a *pro se* immigration litigant are presented, this Court finds that Lohr could not have breached such a duty—if one exists—because the "crucial statement" was not omitted at the hearing. Accordingly this claim must be dismissed.

Because this Court finds that the allegations fail to state a claim on which relief may be granted, this Court does not reach the issue of whether Bivens extends to a

violation of the Fifth Amendment during immigration proceedings.[4] Nor does this Court reach the issue of qualified immunity.

## B. Subject Matter Jurisdiction

Defendant Lohr moves to dismiss Reva's second claim against her, which seeks compensation under the Unjust Conviction and Imprisonment Act, 28 U.S.C. § 2573, for lack of subject matter jurisdiction. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corporation v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citations omitted). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id.

The Unjust Conviction and Imprisonment Act gives exclusive jurisdiction to the United States Court of Federal Claims "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. "While the [Court of Federal Claims] does have jurisdiction to entertain claims for compensation based on unjust conviction and

---

[4] Although the Second Circuit has not directly addressed this subject, this Court notes that several other Circuits have found that Bivens does not apply in similar factual contexts. See, e.g., Alvarez v. U.S. Immigration & Customs Enf't, 818 F.3d 1194, 1205 (11th Cir. 2016) ("plaintiff cannot recover damages under Bivens for constitutional violations that caused him to endure a prolonged immigration detention"); De La Paz v. Coy, 786 F.3d 367, 378 (5th Cir. 2015) ("the implicit but emphatic message from Congress requires this court to abstain from subjecting immigration officers to Bivens liability for civil immigration detention and removal proceedings"); Mirmehdi v. United States, 689 F.3d 975, 983 (9th Cir. 2012) ("we decline to extend Bivens to allow the Mirmehdis to sue federal agents for wrongful detention pending deportation given the extensive remedial procedures available to and invoked by them and the unique foreign policy considerations implicated in the immigration context").

imprisonment, . . , that jurisdiction extends only to unjust convictions for crimes committed against the United States, and only where such convictions have been reversed by a court on the grounds that the plaintiff was not guilty of such crimes or where a plaintiff has received a pardon grounded in his innocence." Upshur v. United States, No. 16-537C, 2016 WL 4059255, at *2 n. 1 (Fed. Cl. July 29, 2016) (citing 28 U.S.C. § 2513(a)).

Here, Reva was not convicted of, nor imprisoned for, any crime; he was instead placed in detention while awaiting immigration removal proceedings. Reva has not (and cannot) produce the certificate of innocence "that is a jurisdictional prerequisite to [the Court of Federal Claims]'s exercise of its jurisdiction under 28 U.S.C. 2513(b)." Id. (citing Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (compliance with section 2513, including the production of a certificate of innocence, are pre-requisites to the jurisdiction of the Court of Federal Claims). Finally, even if these hurdles were met, this Court would still lack jurisdiction over such an action, which may only be heard in the Court of Federal Claims. See Crowder v. United States, No. 5:14-CT-3133-F, 2014 WL 7011005, at *2 (E.D.N.C. Dec. 11, 2014) (directing plaintiff to seek certificate of innocence and re-file his action in the Court of Federal Claims). Accordingly, Reva's claims under the Unjust Conviction and Imprisonment Act must be dismissed.

**C.    Statute of Limitations**

Reva also states causes of action under Bivens and the Unjust Conviction and Imprisonment Act against "Immigration Officer Ymer of the Newark Asylum Office of the Department of Homeland Security," who has not yet been served. The Amended Complaint alleges that Officer Ymer's omission of a "critical statement in plaintiff's

asylum application" resulted in the denial of that application and his later detention. (Am. Compl. at p. 3.)  Reva further alleges that this incident took place on February 6, 2012. (Id.)

Reva filed suit on February 11, 2015. (See Docket No. 1.) Bivens actions brought in New York federal courts are subject to a three-year statute of limitations. Chin v. Bowen, 833 F.2d 21, 24 (2d Cir.1987). Reva's constitutional claims against Officer Ymer occurred, if at all, more than three years prior to the filing of the instant complaint. Accordingly, this Court finds *sua sponte* that Reva's claims arising before February 11, 2012, including the Bivens claim against Officer Ymer, are barred by the statute of limitations and must be dismissed. Moreover, as noted above, this Court does not have jurisdiction over Reva's claims pursuant to the Unjust Conviction and Imprisonment Act. All claims against Officer Ymer are therefore dismissed.

## IV. CONCLUSION

This Court finds that it does not have subject-matter jurisdiction over claims pursuant to the Unjust Conviction and Imprisonment Act, which grants exclusive jurisdiction to the Court of Federal Claims. The constitutional claims under Bivens are either dismissed as time-barred or for failure to state a claim pursuant to Rule 12(b)(6).

This Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant Brandi Lohr's motion to dismiss the claim against her (Docket No. 11) is GRANTED;

FURTHER, that the claim against Defendant Ymer (family name unknown) is dismissed as time-barred;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 3, 2016
Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge